IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM F. ANDREWS, <br> ID # 02402581, <br> Plaintiff, | § <br> § <br> § <br> § | |
| v. | § | No. 3:23-CV-2294-B-BW |
| CAPTAIN CHARLIE YORK, et al., <br> Defendants. | § <br> § <br> § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Complaint (Dkt. No. 3) and response to Magistrate Judge's Questionnaire ("MJQ"). (Dkt. No. 7.) Based on the relevant filings and applicable law, the Court should **DISMISS** the complaint with prejudice.

## I. BACKGROUND

Andrews, a state prisoner currently incarcerated in the Allred Unit of the Texas Department of Criminal Justice, filed this civil rights action under 42 U.S.C. § 1983 against Captain Charlie York, Chief Robert Johnson, and Sheriff Elmer Tanner arising out of events that occurred when he was incarcerated in the Navarro County Jail. He alleges that York denied him access to the law library, court rules, forms, and addresses, Johnson withheld information revealing his part in an assaultive arrest to avoid the timely filing of a civil action against him, and Tanner

---

[1] By Special Order No. 3-251, this pro se case has been referred for judicial screening. By Special Order No. 3-354, this case was transferred and reassigned to the undersigned on August 23, 2024. (*See* Dkt. No. 16.)

adopted a policy preventing access to rules and forms by inmates at the Navarro County Jail. (Dkt. No. 3 at 3.)

Andrews filed a civil rights complaint in this Court alleging that three City of Corsicana police officers, including Johnson, used unconstitutionally excessive force against him on June 8, 2020. *Andrews v. Johnson*, No. 3:23-CV-871-S (the prior action"). The prior action was dismissed as untimely. (*Id.*, Dkt. Nos. 11, 12.) On appeal, Andrews argued that he was entitled to equitable tolling under Texas's fraudulent concealment doctrine and that he was entitled to operation of the federal discovery rule. He alleged that he could not have discovered the cause of his injuries due to a "possible choreographed attempt to cover-up the misconduct" of the officers. He also argued that he was entitled to the operation of the federal discovery rule "insofar as his cause of action did not accrue until he was provided with copies of various police reports two days after the limitations period lapsed." *Andrews v. Johnson*, No. 23-10960, 2024 WL 467579, at *1 (5th Cir. Feb. 7, 2024) (unpublished). The Fifth Circuit concluded that Andrews's allegations were largely speculative and that he failed to detail any meaningful or reasonably diligent steps he took to investigate or discover the cause of his injuries prior to his alleged receipt of the reports. The appeal was dismissed as frivolous. *Id.*

## II. PRELIMINARY SCREENING

Andrews is a prisoner who has been permitted to proceed in forma pauperis ("IFP") in this action. (*See* Dkt. No. 5.) As a prisoner seeking redress from state agencies and officers, his complaint is subject to preliminary screening under 28

U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998).  Because he is proceeding IFP, his complaint also is subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of a complaint, or any part of it, if the Court finds it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted.  *Twombly*, 550 U.S. at 555.

### III.  SECTION 1983

Andrews sues under § 1983 for alleged violation of his constitutional rights.  That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States[.]"  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms."  *Id.*  To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the

United States; and (2) the deprivation occurred under color of state law. *See, e.g., Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

## A. Official Capacity

Andrews states that he sues the Defendants in both their official and individual capacities. (Dkt. No. 7 at ECF 33, ECF 38, ECF 44.) A claim against these Defendants in their official capacities is the same as a claim against the entity of which each is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Olibas v. Dodson*, 593 F. App'x 412, 413 n.1 (5th Cir. 2015) ("[I]t is well-settled that claims against a municipal official in his official capacity are claims against the county."). In this case, York and Tanner are employed by Navarro County and Johson by the City of Corsicana.

Municipalities and other local government units are included among those persons to whom § 1983 applies. *Hampton Co. Nat'l Sur., LLC v. Tunica Cnty.*, 543 F.3d 221, 224 (5th Cir. 2008). A governmental unit may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his federally protected rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Jones v. City of Hurst*, No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar 2, 2006) (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). It cannot be liable under a theory of respondeat superior, however. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of

three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694).

"Official policy" is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). "The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)). "[A] complaint must contain either direct allegations on every material point necessary to sustain recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation and internal quotation marks omitted).

Here, although Andrews identifies Tanner as a policymaker, he does not allege sufficient facts to show any official policy or custom that resulted in the violation of his rights. (Dkt. No. 7 at ECF 44–45.) He does not identify any official policy or custom of City of Corsicana. (Dkt. No. 7 at ECF 38–ECF 43.) He therefore has failed to state a claim for municipal liability, and the Court should dismiss his official capacity claims against the Defendants under § 1983 for failure to state a claim.

## B. Personal Capacity

A defendant may be held liable for civil rights violations only if he actively participated in the acts that caused the constitutional violation or if he "implemented unconstitutional policies that causally resulted in plaintiff's injury." *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Supervisory officials cannot be held vicariously liable for their subordinates' actions. *Mouille*, 977 F.2d at 929.

Prisoners have a constitutional right to access to courts; however, they do not have an abstract, freestanding right to a law library or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In this case, Andrews seeks to hold York and Tanner liable because they did not give him access to a law library. He has not alleged facts to show that lack of a law library impaired his access to the Court. Rather, as the Court determined in the prior action, Andrews could have timely filed the underlying case had he exercised reasonable diligence. He has not alleged that any particular, unavailable form was required or that any research was necessary to pursue his

claims. All he needed to do was file a "short and plain statement" of his claims; no technical form was required. Fed. R. Civ. P. 8(a), (d). His own ignorance of the law or unfamiliarity with legal process is not an excuse. *Cf. United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (discussing equitable tolling).

Andrews alleges that Johnson withheld use of force reports that would have shown his involvement in the excessive force used against Andrews. (Dkt. No. 7 at ECF 39.) The Court has already determined, however, that lack of the particular reports did not prevent Andrews from timely filing the prior action.

## C. Conspiracy

To prevail on a claim of civil conspiracy, plaintiff must establish (1) an actual violation of a constitutional right and (2) that the defendants acted in concert with the specific intent to violate that right. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir. 1993) (plaintiff must show actual deprivation; conspiracy to deprive is insufficient). To plead such a claim requires specific facts; mere conclusory allegations will not suffice. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 423 (5th Cir. 2004); *Covarrubias v. Wallace*, 907 F. Supp. 2d 808, 819 (E.D. Tex. 2012) (citing *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986)). That is, the plaintiff must allege the operative facts of the conspiracy based on substantial and affirmative allegations, not a "mere gossamer web of conclusion or inference." *Crummer Co. v. Du Pont*, 223 F.2d 238, 245 (5th Cir. 1955). The allegations here do

not meet the test as Andrews simply refers to a conspiracy in conclusory terms. (Dkt. No. 3 at ECF 10; Dkt. No. 7 at ECF 41, ECF 49.)  He does not allege any facts to support a "preceding agreement, not merely parallel conduct that could just as well be independent action." *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 557).  That Andrews's criminal attorneys were not willing to assist him in the filing of a civil excessive force claim does not support a conclusion that they engaged in a conspiracy with Johnson to violate Andrews's constitutional rights. (Dkt. No. 7 at ECF 37, ECF 41, ECF 48.)

### IV.  LEAVE TO AMEND

Notwithstanding a failure to plead sufficient facts, a pro se plaintiff ordinarily should be granted leave to amend his complaint before dismissal. *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  Leave to amend is not necessary, however, when the plaintiff has already pled his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017).  A verified questionnaire response allows a plaintiff to plead his best case and is a valid way for a pro se plaintiff to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) ("Contrary to [the plaintiff's] argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint.").  Because Andrews has already responded to an MJQ and amended his complaint to clarify his claims, he has pled his best case, and further leave to amend is not warranted.

8

## V.  RECOMMENDATION

The Court should **DISMISS** Plaintiff's Complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim upon which relief may be granted.

**SO RECOMMENDED** on October 6, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).